The State of Mississippi, on the Relation of the District Attorney, *v.* Geo. M. Govan, Secretary of State.

Municipality. *Code* 1892, § 3035. *Rejection of chapter. Certifying action. Time.*

Under § 3035, chapter 93, of the code, which took effect April 2, 1892, providing that any municipality preferring its existing charter might elect not to come under the code provisions, by resolution of its corporate authorities "entered· of record and certified to the secretary of state within twelve months" after the chapter becomes operative, a resolution so adopted (though within the twelve months), but not certified to the secretary of state until afterwards, is ineffectual to prevent the operation of the code chapter as to such municipality.

From the circuit court of the second district of Coahoma county.

Hon. R. W. Williamson, Judge.

This is a proceeding by mandamus. The petition alleges that the city of Clarksdale, by resolution of its corporate authorities, duly entered of record, did, on January 3, 1893,

elect not to come under the provisions of chapter 93, code of 1892, entitled "municipalities;" that it was, thereupon, ordered by the municipal authorities that said resolution be certified by the city clerk to the secretary of state on the fourth day of January, 1893, but that said certified copy, without fault of the municipal authorities, was not received by the secretary of state until April 12, 1893, when the same was filed by the secretary of state, but that he refused to make a record of the same, on the ground that it was not received in his office on or before April 2, 1893; that said municipal authorities, having duly elected not to come under the provisions of said code chapter, and having ordered the clerk to promptly prepare and certify to the secretary of state a copy of the resolution, as required by law, were not aware of the failure of the secretary of state to receive the same until after April 2, 1893. The prayer of the petition was that a writ of mandamus issue, directing the secretary of state to make record of said resolution, as provided by the statute.

The defendant demurred to the petition. On the hearing of the demurrer it was agreed that the certified copy of the resolution referred to was received by the secretary of state April 12, 1893. The demurrer was sustained, the relator declined to amend and the petition was dismissed. Relator appealed.

Section 3035, code 1892, being a part of chapter 93, which went into effect April 2, 1892, is as follows:

"From and after the date that this chapter becomes operative, every municipality in the state shall exercise the powers conferred herein on the class to which it belongs, and shall be governed by the provisions thereof. But an existing municipality, by resolution of its corporate authorities, entered of record and certified to the secretary of state, within twelve months after this chapter becomes operative, may elect not to come under the provisions hereof. The secretary of state shall make a record of such certificates received by

him. The provisions of this chapter shall not apply to a municipality so signifying the wish of its corporate authorities, unless thereafter, by a majority vote of the electors therein, to be cast at a general or special election for the purpose, it be determined to come under the operation of the chapter."

The opinion contains a further statement of the case.

*J. W. & W. D. Cutrer,* for appellant.

The legislature of 1892 recognized that there were localities in the state where charters had been granted that were specially applicable to the wants of the communities affected, and it was unwilling to revoke these charters outright. It therefore adopted the wise policy of referring to the people of the respective localities the question whether they would be governed by their existing charters or a new law. There is no controversy in this case as to the completed expression of the law of the municipality in accordance with the provision of § 3035 of the code. The returns, so to speak, were made up and duly certified for transmission to the proper officer. Shall it be said that, because they were not technically received within the twelve months, the result of the election shall be nullified?

Provisions relating to the time in which returns are to be transmitted are held to be directory only. 6 Am. & Eng. Enc. L., 340. See also authorities cited in Heidelberg's Miss. Dig., page 336. The statute requires that the resolution shall be entered of record and certified to the secretary of state within twelve months. It is silent as to the time in which the same shall be received by him. Therefore, when the returns are received, and show regularity upon their face, the officer is left no alternative but to give effect to the will of the people. As said by this court in *Jackson* v. *Shlomberg,* ante, 47, each municipality was given an election to accept or reject the code provision within twelve months, and the status of the corporation was fixed by the election. The legislature

was not willing to have any municipality, against its will, brought under the provision of the code chapter. The whole of the section must be taken together. The court will not give effect to isolated parts of the statute to defeat the choice expressed by the municipality. In the Shlomberg case the effective resolution was not even certified to the secretary of state by the municipal authorities.

If the choice is made not to come under the provisions of the chapter, effect will be given to that choice. If thereafter a majority of the voters elect to adopt the chapter, then the municipality shall be governed thereby. The fact that the result is not promptly transmitted to the secretary of state will not, in the one case more than the other, defeat the election. Effect will be given to the popular will, whether expressed at the polls or through the municipal authorities. The mere fact that, by misadventure, or the possible contumacy of a subordinate employe, the resolution is not delivered within the time fixed, cannot defeat the popular will.

*Cook & Anderson,* on the same side.

The clerk is no part of the council, and it has no control over his actions, except in so far as it could direct him, by an order entered on the minutes, to perform the duty imposed upon him by law. The election of the authorities to reject the code provision was the *act* which fixed the legal status of the municipality. The act of the clerk as to certifying the resolution to the secretary of state was merely the *evidence* of the election, and did not affect the valid action of the authorities. Suppose the clerk, conspiring to defeat the will of the authorities, had fraudulently represented that he had transmitted the resolution duly certified when he had not done so, would that deprive the municipality of the rights conferred upon it by law? Again, suppose the secretary of state and the clerk had conspired to render the resolution nugatory, could their failure to perform the mere clerical duties imposed upon them have this effect?

The certification and record of the resolution simply furnished a basis for the proclamation of the governor in assigning the municipality to its proper class, and nothing more. It is true the language of § 3035 of the code is broad enough to justify a different construction if we fail to consider the nature of the duties to be performed. But no mere failure of a clerical officer to perform his duties can have the effect contended for. When the corporate authorities passed the resolution they had done all that the law required. What right can be disturbed, or what innocent person affected, by the failure to record the resolution within the twelve months? The object of the record in the office of the secretary of state was merely to advise the governor of the act of the municipality.

*Frank Johnston,* attorney-general, for the state.

Section 3035, code 1892, declares that, from and after the date when the chapter becomes operative, every municipality in the state shall be governed by its operations. This is the general purpose. Then, by way of proviso or exception, it was declared that existing municipalities might elect not to come under the provisions of the chapter, if a certain thing was done within a limited time. The chapter is thus binding on all municipalities that do not conform to the subsequent condition defined by the statute. It is only by compliance with the conditions that the operation of the chapter is avoided. The municipality must pass a resolution electing not to come under the code provision, *and* must certify the same to the secretary of state within twelve months. Two acts are thus explicitly required, and both must be performed within the time fixed.

The purpose of the law was to have, within a fixed period, an official record in the office of the secretary of state showing the action of the various municipalities, and § 3037 of the code requires the governor, by proclamation, to classify each municipality as it comes within the operation of the code

chapter. The permission by which a municipality may avoid the effect of the code provisions requires that the action shall be certified within the period of time named. If the limitation of time applies to the action of the authorities in making their election, it applies also to the certification. If it does not apply to the latter, then no time is fixed for certifying the resolution.

CAMPBELL, C. J., delivered the opinion of the court.

Chapter 93 of the code of 1892 was framed on the plan of all the municipalities in the state being governed by its provisions from the time of its becoming operative; but, because of opposition to this, it was provided that an existing municipality might elect not to come under the provisions of the chapter, by resolution of its corporate authorities, entered of record and certified to the secretary of state within twelve months after the chapter became operative. It was not prescribed how or by whom the resolution should be certified, and that is not of importance; but it is declared that the resolution should be certified within a time named, and that is essential to the accomplishment of a defeat of the plan on which the law was based.

The constitution requires general laws under which cities and towns may be chartered and their charters amended (§ 88); and by § 178 it is declared that " corporations shall be formed under general laws only." In view of the constitutional scheme thus plainly indicated, both as to municipal and other corporations, the chapter on municipalities in the code was prepared and adopted. The manifest purpose was that all should come under it, and thus have uniformity in the charter powers of municipalities according to their several classes; but, as stated above, the right of election was given, to be exercised in a prescribed time, and within that time to be certified to the secretary of state. Resolution without certification as directed was insufficient. The former expressed the will of the corporate authorities; the

latter made it known to the designated official, and was nec-
essary to the effective operation of the resolution not to come
under.  The rule deduced from the law is subjection to the
chapter.  The exception made is that compliance with certain
conditions relieves from the operation of the chapter; and
only by strict compliance with all that is prescribed can the
claim of exemption from the operation of the rule be main-
tained.  To admit that the resolution might lawfully be cer-
tified to the secretary of state after the time given, and be
effective, would thwart the scheme of the law to have in the
office of secretary of state, by April 2, 1893, official informa-
tion on which the governor is required, by § 3037, to act, and
from which the courts can take judicial notice, as required
by § 3038 of the code.  After April 2, 1893, and so long as
the resolution of the corporate authorities was not certified
to the state officer, it would not be known, in the way pre-
scribed by law, that it had been resolved not to come under
the chapter; and it would be assumed, in accordance with
the law, that the chapter was operative on the municipality
not having certified the resolution to the contrary; but six
or twelve months afterward, or at some longer period, it
would be certified to the secretary of state that a resolution
was adopted by the corporate authorities within twelve
months from April 2, 1892.  During all this period, the status
of the municipality, as subject to the code chapter or its
former charter, would not be determinable from the records
of the office of secretary of state, which would contravene
the manifest purpose of the law.  True, it would make no
difference to the municipality.  Its corporate authorities
would know of their own action, and govern themselves
accordingly; but the purpose of the law is that the status of
every municipality shall be known to all, not by application
to the record it has, but by the showing of the office of sec-
retary of state.  If, on April 2, 1893, which was twelve
months from the time when the code chapter became oper-
ative, the office of secretary of state did not contain the cer-

tified record of the resolution of the corporate authorities not to come under, it was under, and to be so dealt with by all concerned.

It must be manifest to all that this view cannot be escaped, and that Clarksdale, not having procured the certification of the resolution of its corporate authorities not to come under to the secretary of state within twelve months from April 2, 1892, lost its opportunity to elect, and became subject to the code chapter on municipalities in conformity to the contemplation of the constitution and law passed in pursuance of it. It will not do to say that failure to certify to the state officer for a few days should not be fatal to the resolution. No difference can be made between a short and a long time. A period was prescribed, and it must be exactly observed.

*Affirmed.*